UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANALENE FRANKLIN, individually and as next of friend for N.M., a minor, and MARION THOMAS, individually, <br><br> Plaintiffs, <br><br> v. <br><br> MANUEL GODINEZ, GREGORY ZIA, MICHAEL WILSON, DEMI BRYANT, REGINA GADDY, DANIEL BAEZ, DENISE BERNAL, MICHAEL WALSH, TIMOTHY DOWDY, MARY FLOWERS, individually, THE CITY OF CHICAGO, a Municipal Corporation, UNIDENTIFIED OFFICERS, and UNIDENTIFIED EMPLOYEES, <br><br> Defendants. | Case No. 22-cv-2886 <br><br> Hon. LaShonda A. Hunt |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Janalene Franklin, individually and as next of friend for N.M., a minor, and Marion Thomas (collectively, "Plaintiffs") filed this civil rights action against several employees of the Chicago Water Department and the Chicago Police Department after an alleged altercation with Water Department employees led to Plaintiffs' arrest and criminal prosecution. Defendant Timothy Dowdy ("Defendant Dowdy"), a Water Department employee, has moved to dismiss Plaintiffs' claims against him for civil conspiracy (Count IV) and malicious prosecution (Count V). For the reasons discussed below, Defendant Dowdy's motion [35] is granted in part for failure to state a claim and denied in part for insufficient service of process.

1

**BACKGROUND**

On June 3, 2020, Plaintiffs arrived at their home and found Defendant Dowdy and other Water Department employees digging a large hole in the front yard without Plaintiffs' permission.[1] (Dkt. 1 at ¶¶ 7, 9-10). Plaintiffs asked them to leave but they refused. (*Id*. at ¶ 10). The complaint is not entirely clear on how law enforcement became involved, but, at some point, Chicago Police officers (also named as Defendants, but not relevant to the instant motion) came to Plaintiffs' residence and arrested them for aggravated assault. (*Id.* at ¶¶ 12-14). Plaintiffs were accused of threatening to hit Water Department employees with a shovel, an allegation they deny. (*Id.* at ¶¶ 14, 17, 21). The criminal charges were eventually dismissed with leave to reinstate (also known as SOL'd). (*Id*. at ¶¶ 17, 22). And to date, those charges have not been reinstated, but there is also no allegation in the complaint that Plaintiffs ever demanded a trial after the charges were SOL'd.

Plaintiffs filed this suit on June 1, 2022, bringing claims for false arrest (Count I), excessive force (Count II), failure to intervene (Count III), respondeat superior (Count VI), and indemnification (Count VII) against the Defendant Officers and/or the City of Chicago. They sued Defendant Dowdy for civil conspiracy with the Defendant Officers under 42 U.S.C. § 1983 (Count IV) and malicious prosecution under Illinois law (Count V).

The only allegations in the complaint against Defendant Dowdy concerning the civil conspiracy claim are as follows: (1) He is an employee of the Chicago Department of Water Management (*Id.* at ¶ 6); (2) He was digging a hole in Plaintiffs' front yard without permission or notice and "refused to leave after being requested to do so." (*Id*. at ¶¶ 9-11); (3) Someone falsely reported to the Defendant Officers that Plaintiffs had threatened to hit him with a shovel. (*Id*. at ¶¶ 13-14); (4) Defendant Officers and Dowdy "agreed to violate Plaintiffs (sic) constitutional

---

[1] The Court recites the facts as alleged in Plaintiffs' Complaint and accepts them as true for purposes of resolving Defendant Dowdy's motion to dismiss.

rights by falsely arresting and criminally charge (sic) Plaintiffs FRANKLIN AND THOMAS with Aggravated Assault knowing that they did not have probable cause to do so. (*Id.* at ¶ 41); (5) Defendant Officers' and Dowdy's "tortious acts in furtherance of the agreement caused injury to" Plaintiffs (*Id.* at ¶ 42); and (6) Plaintiffs suffered damages as a result of the agreement between Defendant Chicago Police Officers and Dowdy to falsely arrest and criminally charge Plaintiffs without probable cause. (*Id.* at ¶ 43).

Defendant Dowdy has never been served with Plaintiffs' complaint. Assistant Corporation Counsel for the City of Chicago emailed Plaintiffs' counsel on July 20, 2022, "advising her that Dowdy had not been served and inquired about the efforts she had undertaken to serve him." (Dkt. 35 at 3). In a November 28, 2022 joint status report, the parties told the Court that Dowdy had not been served and "[c]ounsel for Dowdy are willing to facilitate service but require a copy of the complaint and waiver of service of summons to do so." (Dkt. 23 at 4). Defense counsel followed up with an email to Plaintiffs' counsel later that date once again asking for a copy of the complaint and waiver of service of summons. (Dkt. 35 at 3). Plaintiffs' counsel did not respond to either email from opposing counsel. (*Id.*). In response to this motion to dismiss, Counsel now states that she sent waivers of service of summons and copies of the complaint to the City of Chicago's Office of Legal Affairs but "omitted to email the same . . . to Defendant Dowdy's corporation counsel." (Dkt. 47 at 2). "Plaintiffs' counsel has no explanation for this omission except that she is a sole practitioner and has been overwhelmed with her workload due to the delays caused by the COVID-19 pandemic." (*Id.*)

Defendant Dowdy moved for dismissal of the claims against him for failure to serve pursuant to Federal Rule of Civil Procedure 12(b)(5), or alternatively, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Although

3

Plaintiffs missed the deadline to file a response brief to Defendant Dowdy's motion, the previously assigned district judge granted Plaintiffs' oral request to respond. The motion is now fully briefed and denied under Fed. R. Civ. P. 12(b)(5) but granted under Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

### I. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529–30, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, a Plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the Plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

### II. Service

There is no real dispute that service was not effectuated on Defendant Dowdy. "A defendant may enforce the service of process requirements through a pre-trial motion to dismiss" pursuant to Fed. R. Civ. P. 12(b)(5), and the plaintiff "bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). "If . . . the district court finds that the plaintiff has not met that burden and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant." *Id.* (citing

Fed. R. Civ. P. 4(m)). The decision of whether to dismiss or extend the period of service "is inherently discretionary" and reviewed for abuse of discretion. *Id*.

Here, Plaintiffs failed to properly serve Defendant Dowdy—counsel admits as much. And Plaintiffs have not established good cause for this misstep. Thus, the Court must decide whether to dismiss the claims against Defendant Dowdy or grant Plaintiffs additional time to serve him. Because Plaintiffs simply forgot to include the copy of the complaint and waiver of service of summons for Defendant Dowdy when they served the other Defendants through the Office of Legal Affairs, it appears the error was clerical in nature. Under these circumstances, it would be unfair to dismiss the claims against Defendant Dowdy for what amounts to an oversight by counsel. Therefore, the Court will exercise its discretion not to dismiss the claims on this basis. However, as discussed *infra*, Plaintiffs' complaint does not adequately allege a civil conspiracy or malicious prosecution claim against Defendant Dowdy. Thus, allowing Plaintiffs additional time now to serve the currently operative complaint would not be judicious. If Plaintiffs are granted leave to amend their complaint to correct the noted deficiencies, they must serve Defendant Dowdy with a copy of any amended complaint within 21 days of filing.

### III. Civil Conspiracy (Count IV)

The civil conspiracy claim cannot proceed because Plaintiffs' allegations are conclusory and do not provide a sufficient factual basis to state a claim against Defendant Dowdy. To state a claim under Section 1983, "Plaintiff must allege '(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law.'" *Ellison v. Jorgensen*, 17-cv-2432, 2017 WL 6816538, at *2 (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)). While Fed. R. Civ. P. 8 requires notice pleading only, "notice implies some minimum description of the defendant's complained-of conduct." *Ryan v. Mary Immaculate Queen Center*,

5

188 F.3d 857, 860 (7th Cir. 1999). To survive a motion to dismiss, the complaint must provide some "indication of when an agreement . . . was formed," "what its terms were" beyond "that they somehow included" a violation of plaintiff's rights, and the defendant's role in the incident. *Id*.

Plaintiffs have failed to allege any details about actions of Defendant Dowdy that would warrant a finding of liability here. Indeed, the complaint does nothing more than recite the elements of a civil conspiracy claim under 42 U.S.C. § 1983. It does not allege that Defendant Dowdy reported Plaintiffs' alleged assault to the police or that the Defendant Officers were aware the allegations were false. It does not even include allegations about the scope of the conspiracy or when any agreement was formed. In sum, Plaintiffs need far more to put the Court and Defendant Dowdy on notice of the nature or scope of the alleged conspiracy at issue. Because Count IV as currently alleged lacks relevant facts, the civil conspiracy claim must be dismissed without prejudice. Plaintiffs are granted leave to re-plead Count IV against Defendant Dowdy within 14 days.

### IV. State Law Malicious Prosecution (Count V)

The malicious prosecution claim cannot proceed because the underlying criminal prosecution has not yet terminated. The elements of a malicious prosecution under Illinois law are: (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause; (4) malice; and (5) damages. *Jones-Huff v. Hill*, 208 F. Supp. 3d 912, 923 (N.D. Ill. 2016). Plaintiffs' criminal prosecutions were stricken with leave to reinstate. This type of order, "while not provided for by any rule or statute, is common practice in the circuit court of Cook County." *Ferguson v. City of Chicago*, 820 N.E.2d 455, 459, 213 Ill.2d 94, 100 (Ill. 2004). "Where a case is stricken with leave to reinstate, the matter remains undisposed of," and "[t]he

matter may still be placed on the docket and brought to trial if there is a subsequent motion to reinstate." *Id.* "Accordingly, Illinois courts have consistently recognized that the striking of charges with leave to reinstate does not terminate the proceedings against the accused." *Id.*

However, the criminal charges cannot simply remain pending forever; under the Illinois Speedy Trial Act, once a defendant out of custody demands a trial, it must be held within 160 days of the demand. 725 ILCS 5/103-5(b). If the trial is not held within 160 days of the demand, the running of that period terminates the criminal proceedings. *Ferguson*, 820 N.E.2d at 461-62. But the 160-day period is not triggered until the criminal defendant makes a trial demand. *See Vincent v. Williams*, 664 N.E.2d 650, 653, 279 Ill.App.3d 1, 4 (Ill. App. 1st 1996) ("In the absence of a demand for immediate trial, the statutory period for bringing a criminal charge to trial does not begin to run").

Plaintiffs have not alleged here that the underlying criminal proceedings have terminated. That the charges were SOL'd may be deemed a favorable outcome, but that is not enough to establish the proceedings were terminated. *See Ferguson*, 820 N.E.2d at 460-61 ("No one disputes that the circuit court's decision to SOL the charges against [a criminal defendant] represent [] a favorable outcome for him," but "favorable or not, the decision d[oes] not have the effect of terminating the case."). Unless and until Plaintiffs demand a trial and 160 days elapses pursuant to the Illinois Speedy Trial Act, the SOL'd charges against Plaintiffs technically remain pending and therefore are not terminated.

Plaintiffs argue that the underlying criminal proceedings have terminated because the statute of limitations for an aggravated assault charge has run, and the charges cannot be reinstated. (Dkt. 47 at 5). That is not the law, though. As the Illinois Supreme Court explained in *Ferguson*, "[b]ecause a case which has been SOL'd remains pending, the statute of limitations for filing the

7

underlying criminal charges is tolled." 820 N.E.2d at 460. And since Plaintiffs' criminal proceedings have not terminated, their "malicious prosecution claim did not accrue. . . until such time as the State was precluded from seeking reinstatement of the charges." *Id.* at 461.

At this point, Plaintiffs must take the appropriate steps to ensure the criminal charges have officially terminated before pursuing a malicious prosecution claim. Once that has occurred, Plaintiffs can seek leave to amend the complaint. As it stands now, Plaintiffs cannot plausibly allege an element of an Illinois malicious prosecution claim—the underlying criminal proceedings have terminated. Thus, the malicious prosecution claim against Defendant Dowdy must be dismissed without prejudice.

## CONCLUSION

For all the foregoing reasons, Defendant Dowdy's motion to dismiss [35] is granted in part for failure to state a claim and denied in part for insufficient service of process.[2] Plaintiffs' claim for civil conspiracy (Count IV) is dismissed without prejudice with leave to re-plead by 12/15/23. Plaintiffs' claim for malicious prosecution (Count V) is dismissed without prejudice.

**Date: December 1, 2023**  ENTERED:

LaShonda A. HuntF
United States District Judge

---

[2] This ruling applies to the claims against Defendant Dowdy only. The remaining Defendant Officers and City chose to answer Plaintiffs' complaint and are proceeding with discovery. Any motion to dismiss filed by them challenging the original complaint now would be untimely under Fed. R. Civ. P. 12(b).